[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 17, 1992 Date of Application December 17, 1992 Date Application Filed December 17, 1992 Date of Decision September 28, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR6-337140
Thomas M. Conroy, Esq. Defense Counsel, for Petitioner
 Robert O'Brien, Esq. Assistant State's Attorney, for the State
BY THE DIVISION
After plea of guilty, petitioner was convicted of a violation of the State Narcotic and Drug Act, Connecticut General Statutes 21a-277(a); 53a-8 and conspiracy to violate the State Narcotics and Drug Act, Connecticut General Statutes 21a-277(a); 53a-48(a). A sentence of eight years execution suspended after five years and five years probation was imposed on the first count, a sentence of seven years execution suspended after four years consecutive to the previous count was imposed on the second charge. Concurrent CT Page 9876 sentences of five years for wilful failure to appear and two years for violation of probation were also imposed. The total effective sentence was fifteen years execution suspended after nine years and five years probation.
The facts underlying petitioner's conviction indicate that on January 18, 1991, New Haven police executed a search and seizure warrant. The warrant revealed a large scale drug factory operation with 266 grams of cocaine, 712 vials of white powder which tested positive for cocaine and an additional 119 viles [vials] of similar substance. Also discovered was cash and a pellet pistol. Petitioner was arrested in connection with this search and seizure.
Petitioner's attorney requested a reduction in sentence. He stated that petitioner was arrested in connection with a major drug operation, but that petitioner was not a principal in this operation. The attorney argued that petitioner was himself an addict and a low level assistant. The attorney stated that petitioner only received drugs for his services and, that he was in effect himself a victim of the drug operation. He also argued that a sentence involving less time would achieve the same result and requested a reduction in time to be served.
Speaking on his own behalf, petitioner requested a reduction in sentence so that he could return home and be with his children.
The state's attorney argued against any reduction. He stated that petitioner was involved in the drug operation and that he did not appear for his sentencing. The attorney also stated that the sentence imposed by the judge was considerably under that recommeded [recommended] by the state and should not be further reduced.
Petitioner's prior criminal record indicates that in addition to other convictions, including one for burglary in the third degree, this is his second narcotics conviction. On the previous possession of narcotics conviction, he was placed on probation and ordered to participate in substance abuse treatment. When petitioner failed to follow through on this condition violation of probation proceedings were submitted to court. These proceedings were pending at the time sentence was imposed. In imposing sentence the judge CT Page 9877 also considered the fact that petitoner [petitioner] was supporting his habit by assisting in a large scale drug operation.
Considering all of the factors set forth in Connecticut Practice Book 942 it cannot be found that the sentence imposed here was inappropriate or disproportionate.
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.